IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JAMES LESLIE WESTFALL,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No. CIV 04-306-FHS** |
| ) | |
| **RANDY PARKER,** Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the court on petitioner's petition for a writ of habeas corpus. Respondent has filed a response arguing petitioner is not entitled to relief. Petitioner is an inmate currently incarcerated at William S. Key Correctional Center in Ft. Supply, Oklahoma, who challenges the execution of his sentence pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment and sentence entered in the District Court of McIntosh County for Endeavoring to Manufacture a Controlled Dangerous Substance in violation of 63 O.S.A. § 2-401 (G) and 63 O.S.A. § 2-408 after former conviction of a felony and set punishment for twenty (20) years imprisonment.

Petitioner has submitted the following grounds for relief:

> The trial court erred in denying defendant's motion to suppress; the conviction on endeavoring to manufacture must be reversed because the statute is void for vagueness; and the jury instructions were fatal-defective because they failed to inform the jury of all the elements of the crime.

Respondent argues petitioner's claim that his Fourth Amendment rights were violated by the search of his vehicle is not subject to habeas review because it was fully and fairly litigated in state

court. Further, respondent argues that the Oklahoma Court of Criminal Appeals' determination that Oklahoma Statute 63 O.S.A. § 2-408 is not void for vagueness and was not contrary to or an unreasonable application of federal law. Finally, the respondent argues the trial court's instructions to the jury involve state law claims and as such are not cognizable in a federal habeas proceeding. Petitioner did not file a reply to this response.

Respondent has submitted the following records to the court for consideration in this matter:

a. Summary Opinion filed in the Oklahoma Court of Criminal Appeals on October 21, 2003.

b. Brief of Appellant.

c. Brief of Appellee.

d. Trial Transcripts.

e. Original Record.

## I.  Fourth Amendment Claim

Petitioner was convicted of Endeavoring to Manufacture a Controlled Dangerous Substance in violation of 63 O.S.A. § 2-401 (G) and 63 O.S.A. § 2-408 after former conviction of a felony and set punishment for twenty (20) years imprisonment. In his first ground for relief, petitioner claims the search of his vehicle which resulted in the seizure of the marijuana was conducted in violation of the Fourth Amendment. Petitioner claims he was detained after the legitimate justification for the stop of his vehicle had ended and that, therefore, his consent to search the vehicle was not voluntary.

In <u>Stone v. Powell</u>, 428 U.S. 465, 482 (1976), the Supreme Court held that "where the State had provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."

It is well settled law that Fourth Amendment exclusionary rule claims are not cognizable in federal habeas corpus proceedings if the petitioner had an opportunity for full and fair litigation of the claim in state court. <u>Stone</u> at 494. Here, petitioner had the opportunity and exercised it fully. The issue was initially raised in the trial court. In the case at bar, petitioner first objected to the search of his vehicle at the preliminary hearing. Petitioner next challenged the search during his jury trial. The court heard arguments from both sides and overruled the objection.

Petitioner again challenged the search on an appeal to the Oklahoma Court of Criminal Appeals. The Oklahoma Court of Criminal Appeals affirmed the ruling of the trial court and upheld the search of petitioner's vehicle. Petitioner had adequate opportunity to litigate his Fourth Amendment claim in the state court system and he took advantage of this opportunity. It appears the state court system thoroughly considered his claim and after such thoughtful consideration denied it. Pursuant to <u>Stone</u>, the petitioner's Fourth Amendment claim is barred from consideration by this court in a habeas corpus action.

## II. <u>63 O.S.A. § 2-408 is not void for vagueness</u>

In his second proposition of error, petitioner asserts that his conviction must be reversed because 63 O.S.A. § 2-408 is unconstitutionally vague. The relevant provision reads:

3

> Any person who offers, solicits, attempts, endeavors, or conspires to commit any offense defined in the Uniform Controlled Dangerous Substances Act, Section 2-101 et. seq. of this title shall be subject to the penalty proscribed for the offense, the commission of which was the object of the offer, solicitation, attempt, endeavor or conspiracy.  63 O.S.A. Sec. 2-408

Petitioner argues the complete lack of a statutory definition for the term "endeavor" means a person cannot determine exactly what conduct is prohibited. Statutory provisions are not void for vagueness if they unambiguously specify the activity prescribed. United States v. Batchelder, 442 U.S. 114, 115 (1979).  If a criminal statute gives a person of ordinary intelligence fair notice that his contemplated conduct is forbidden, then the statute is not void for vagueness. Papachristou v. Jacksonville, 405 U.S. 156, 162 (1972). The Tenth Circuit Court of Appeals evaluates the constitutional validity of a statute challenged as vague by ascertaining whether "the ordinary person exercising ordinary common sense" can understand and comply with the standard. United States v. Hines, 696 F.2d 722, 727 (10th Cir. 1982).

In the jury instructions, the trial court defined the term "endeavor" as "to strive to achieve, to work with a set purpose." Because there was no uniform instruction defining the term at the time of trial, the district court specifically noted the same and asked petitioner if he had any objection to the instructions as prepared. Petitioner had no objection. The term "endeavor" was applied to petitioner's case in the ordinary sense. Thus, petitioner had adequate notice that his conduct on May 7, 2002, was criminally prohibited.  Since the notice provision appears to be satisfied, the statute is not unconstitutionally vague. Accordingly, the Oklahoma Court of Criminal Appeals' finding that the statute on Endeavoring to Manufacture Controlled Dangerous Substances is constitutional,

4

is not contrary to or an unreasonable application of federal law.

### III. Jury Instructions

In his third and final proposition, petitioner complains about the trial court's instruction to the jury regarding the elements of the crime of Endeavoring to Manufacture Methamphetamine. Petitioner argues the trial court failed to instruct on all elements of the crime. This issue was addressed in the appeal to the Oklahoma Court of Criminal Appeals and it found that the instructions in the case are identical in substance to the Uniform Jury Instructions on endeavoring to manufacture methamphetamine. The court finds that since the instructions adequately stated the applicable law, the trial court did not err in instructing the jury on the elements of the crime charged. This appears to be a decision by a state court on state law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; Rose v. Hodges, 423 U.S. 19, 21 (1995) (per curium)). "Habeas corpus is a civil proceeding and the burden is upon the petitioner to show by a preponderance of the evidence that he is entitled to relief." Beeler v. Crouse, 332 F.2d 783, 783 (10th Cir. 1964) (citing Teague v. Looney, 268 F.2d 506 (10th Cir. 1959)). Here, the court finds petitioner has failed to present an argument supporting federal habeas relief.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus is **DENIED**, and this action is, in all respects, **DISMISSED**.

**Dated this 22nd Day of June 2007.**

*Frank H. Seay*
United States District Judge